# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, FEDERAL HOME LOAN MORTGAGE CORPORATION, | Case No. 2:17-cv-02624-RFB-BNW |
| Plaintiff(s), | **ORDER** |
| v. | |
| COPPER CREEK HOMEOWNER ASSOCIATION, TRAVERTINE LANE TRUST ATC ASSESMENT COLLECTION GROUP, LLC | |
| Defendant(s). | |

## I. INTRODUCTION

Before the Court is Defendant Travertine Lane Trust's Second Motion to Dismiss Complaint, Defendant Travertine Lane Trust's Motion for Summary Judgment, and Plaintiffs Federal Home Loan Mortgage Corporation and National Star Mortgage LLC's Counter Motion for Summary Judgment. ECF Nos. 35, 38, 40. For the following reasons, the Court grants Plaintiffs' Motion for Summary Judgment and denies the other motions.

## II. PROCEDURAL BACKGROUND

Plaintiffs Nationstar Mortgage LLC ("Nationstar") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Plaintiffs") filed their complaint against Defendants

Copper Creek Homeowners Association, Travertine Lane Trust ("Travertine"), and ATC Assessment Collection Group, LLC on October 9, 2017. ECF No. 1. In their complaint, Plaintiffs stated eight causes of action: 1) declaratory relief under 12 U.S.C § 4617(j)(3); 2) quiet title under 12 U.S.C. § 4617(j)(3); 3) declaratory relief under the Fifth and Fourteenth Amendments; 4) quiet title under the Fourth and Fifth Amendments; 5) a declaratory judgment; 6) breaches of section 116.1113 of the Nevada Revised Statutes ("NRS") and Covenants, Conditions and Restrictions ("CCR&Rs"), 7) wrongful foreclosure, and 8) injunctive relief. On March 30, 2018, the action was dismissed without prejudice as to ATC Assessment Collection Group, LLC and Copper Creek Homeowners Association. ECF No. 20.

Plaintiffs filed a motion for summary judgment on May 7, 2018. ECF No. 22. Travertine filed for summary judgment on June 6, 2018. ECF No. 26. On July 13, 2018 the Court stayed the case pending the Nevada Supreme Court's response to a question this Court certified regarding the notice requirements of NRS 116. The Court also denied all pending dispositive motions without prejudice. ECF No. 32. The Court lifted the stay on August 23, 2018 and ordered that all dispositive motions be filed no later than September 24, 2018. ECF No. 34. On September 5, 2018, Travertine filed a second motion to dismiss the complaint. ECF No. 35. Travertine also filed a motion for summary judgment on October 3, 2018. ECF No. 38. Plaintiffs filed a counter motion for summary judgment on October 3, 2018. ECF No. 40. All motions have been fully briefed. ECF Nos. 39, 41–43, 45, 46. On July 23, 2019, Movant Federal Housing Finance Agency filed an amicus curiae brief in support of Plaintiffs' counter motion. ECF No. 51.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Freddie Mac's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d

- 2 -

### a. Undisputed Facts

This matter concerns a nonjudicial foreclosure on a property located at 6777 Travertine Lane, Las Vegas, NV 89122 (the "property"). The property sits in a community governed by the Copper Creek Homeowners Association (the "HOA"). The HOA requires its community members to pay HOA dues.

On or about October 18, 2008, nonparty Alberto Marin obtained a loan from Taylor, Bean & Whittaker Mortgage Corp. in the amount of $218,000. The deed of trust was recorded against the property. The deed listed Alberto Marin as the borrower, Taylor, Bean & Whittaker Mortgage Corp. as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

Marin fell behind on HOA dues. The HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell, and finally a notice of foreclosure sale on October 11, 2012. On or about November 6, 2012, the HOA held a foreclosure sale of the property under NRS Chapter 116. Travertine purchased the property as evidenced by a trustee's deed upon sale recorded on November 26, 2012.

However, Freddie Mac previously purchased the note and deed of trust in November 2007. While its interest was never recorded under its name, Freddie Mac continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. At the time of the foreclosure sale, Ocwen served as the record beneficiary of the deed of trust as servicer for Freddie Mac. Ocwen then assigned the deed of trust to Nationstar as recorded on June 3, 2013.

///

---

923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Fannie Mae Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

The relationship between Freddie Mac and its servicers is governed by Freddie Mac's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac. It also requires that servicers assign the deeds of trust to Freddie Mac on Freddie Mac's demand. The Guide states:

> The Seller/Servicer is not required to prepare an assignment of the Security Instrument to the Federal Home Loan Mortgage Corporation (Freddie Mac). However, Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Instrument to Freddie Mac.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including when "[s]eller/servicers may need to obtain physical or constructive possession of a Note." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Freddie Mac. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Freddie Mac. See Guide at 9402.2 ("Routine and non-routine litigation"). But the Guide clarifies that the Servicer must "follow prudent business practices" to ensure that note is "identif[ied] as a Freddie Mac asset." Finally, under the Guide, "all documents in the mortgage file . . . will be, and will remain at all times, the property of Freddie Mac."

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and Freddie Mac (collectively, the "GSEs"). In accordance with its authority, FHFA placed Freddie Mac under its conservatorship in 2008. Neither FHFA nor Freddie Mac consented to the foreclosure extinguishing Freddie Mac's interest in the property in this matter.

### b. Disputed Facts

The parties dispute whether Freddie Mac had actual ownership of the deed of trust at the time of the sale.

## IV. LEGAL STANDARD

### i. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013).To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### ii. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V.     DISCUSSION**

The Court finds that the claims in this case may be resolved by answering the following questions: a) whether Section 4617 of HERA applies to claims brought by Freddie Mac and b) whether Freddie Mac's claims under Section 4617 of HERA are subject to a six-year statute of limitations. The Court answers in the affirmative for both. The relevant portion of the statute is as follows:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [Federal Housing Finance] Agency as conservator or receiver shall be--
> (i) in the case of any contract claim, the longer of--
> (I) the 6-year period beginning on the date on which the claim accrues; or
> (II) the period applicable under State law; and
> (ii) in the case of any tort claim, the longer of--
> (I) the 3-year period beginning on the date on which the claim accrues; or
> (II) the period applicable under State law.

12 U.S.C. § 4617(b)(12)(A).

The Court finds that the claims brought by Freddie Mac in this case should construed as claims brought by or on behalf of the FHFA. Pursuant to HERA, Freddie Mac was placed into conservatorship by FHFA in 2008. As the Ninth Circuit has explained, this means that "the Agency [FHFA] acquired Freddie Mac's rights, titles, powers, and privileges with respect to its assets for the life of the conservatorship." Berezovsky v. Moniz, 869 F.3d 923, 927 (9th Cir. 2017) (internal citations omitted). The foreclosure sale in this case took place at a time that Freddie Mac was in conservatorship. Freddie Mac's interest in the subject property was therefore an asset of the FHFA

in conservatorship at the time of the foreclosure sale. Freddie Mac is still under the conservatorship of the FHFA. Thus, the Federal Foreclosure Bar applies in this case since, as the Ninth Circuit found in Berezovsky, Section 4617, "applies to '**any case**' in which the Agency serves as conservator." Id. (citing to Section 4617(j)(1)) (emphasis added). Freddie Mac, as an entity still within FHFA's conservatorship, and Nationstar as its servicer, are thus entitled to use HERA's extender statute.

Further, the Court finds that the six-year statute of limitations for contract claims within Section 4617, rather than the shorter three-year limitations period for tort claims, applies. "If a claim is dependent upon the existence of an underlying contract, the claim sounds in contract, as opposed to tort." Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 625 (9th Cir. 1996). In this case, the quiet title claim is dependent upon the underlying mortgage lien, which is itself based upon an interest created by a mortgage contract. Thus the Court will apply the six-year statute of limitations within Section 4617 to the claims.[2]

For statute of limitations calculations, the clock begins on the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). A cause of action accrues "when a suit may be maintained thereon." Id. In this case, the foreclosure sale was on November 6, 2012. The Court thus finds that all of Plaintiffs' claims began to run on the date of the foreclosure sale as these claims all stem from issues or disputes regarding the sale and its effect. Plaintiffs filed their complaint on October 9, 2017—just under five years later.

---

[2] As the Court has found that these claims should be construed as claims brought by the FHFA, the Court is required in any case to construe the limitations period in its favor. "To the extent that a statute is ambiguous in assigning a limitations period for a claim," it "must receive a strict construction in favor of the Government." Fed. Deposit Ins. Corp. v. Former Officers & Directors of Metro. Bank, 884 F.2d 1304, 1309 (9th Cir. 1989) (quoting *Badaracco v. Commissioner,* 464 U.S. 386, 391 (1984)).

Having found that Plaintiffs' claims are timely filed, the Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) thus resolves this matter. The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovksy, 869 F.3d at 927–31. Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932–33. The Court finds that the evidence establishes that Freddie Mac had an interest in the property at the time of the HOA foreclosure sale.

The Court considers if Plaintiffs provided the proper foundation and sufficient evidence to show that Freddie Mac acquired a property interest prior to the foreclosure sale. To establish Freddie Mac's property interest, Plaintiffs attach printouts from Freddie Mac's MIDAS electronic database. The printouts are accompanied by a declaration of Jeffery K. Jenkins, an employee of Freddie Mac. Jenkins translates the printouts and identifies the Guide. In doing so, he specifically declares that "Freddie Mac's systems and databases are maintained and kept in the course of Freddie Mac's regularly conducted business activity, and it is the regular practice of Freddie Mac to keep and maintain information regarding loans owned by Freddie Mac in Freddie Mac's databases." He also specifically identifies the portions of the printouts that detail the date that Freddie Mac acquired the note and the deed of trust and that recount the servicing history of the loan.

Travertine argues that Jenkins cannot sufficiently authenticate the database entries because he does not state how he knows the entries in Freddie Mac's systems to be true, and that it is "pure speculation" on Jenkin's part as to whether screenshots printed in January 2018 reflect the content

of the MIDAS system on the date of the foreclosure sale in November 6, 2012. Travertine further argues Plaintiffs have failed to produce documents and information regarding their claim that Freddie Mac owned the deed of trust.

The Court finds these arguments to be unavailing. It is not necessary for individuals to testify to having personal knowledge as to the accuracy of the entries in a database. U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co., 576 F.3d 1040, 1044 (9th Cir. 2009). Rather, it is merely required that the authenticating declarant has personal knowledge of the company's recordkeeping practices. Id. Jenkins states his familiarity with both Freddie Mac's MIDAS system and the Guide in his declaration. The printouts also support the finding that there was a servicing relationship between Freddie Mac and Ocwen at the time of the foreclosure sale. The Court finds this to be sufficient, as has the Ninth Circuit and the Nevada Supreme Court, with substantially similar evidence. See, e.g., Berezovsky, 869 F.3d at 932 – 33 (allowing the Guide, employee declarations and computer screenshots to establish Freddie Mac's property interest); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018) (same); Nationstar Mortg., LLC v. Guberland LLC-Series 3, 420 P.3d 556 (Nev. 2018) (unpublished) (Nevada Supreme Court allowing same evidence to establish an enterprise's property interest).

Travertine also argues that Freddie Mac cannot have a property interest because it was not the recorded beneficiary on the deed of trust on the date of the foreclosure sale. The Court disagrees. The Nevada Supreme Court case SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC, forecloses this argument. 432 P.3d 718 (Nev. 2018) (unpublished) (holding the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); see also Berezovsky, 869 F.3d at 932 (discussing the interplay of

the Federal Foreclosure Bar and NRS 106.210). Because Freddie Mac acquired the loan in 2007, the Nevada recording statutes did not require Freddie Mac to record the assignment of beneficial interests in the deed of trust in its name. SFR Investment Pool 1, 432 P.3d 718. Travertine Lane's recordation argument fails accordingly.

Based on the foregoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Freddie Mac's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims as a result.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Counter Motion for Summary Judgment (ECF No. 40) is GRANTED as to its second cause of action of quiet title against Defendant Travertine Lane Trust. The Court finds that Defendant Travertine Lane Trust acquired the Property subject to Freddie Mac's deed of trust.

**IT IS FURTHER ORDERED** that Defendant Travertine Lane Trust's Motion for Summary Judgment, (ECF No. 38) and Defendant Travertine Lane Trust's Motion to Dismiss (ECF No. 35) are DENIED.

The Clerk of the Court is instructed to enter judgment for Plaintiffs accordingly and to close the case.

DATED: September 29, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**